UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN, | CV F 04 6389 AWI NEW (DLB) P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 6.) |
| D. TAXDAHL, | |
| Defendants. | |

Tony Blackman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on July 27, 2004, in the U.S. District Court for the Northern District of California. The case was transferred and received in this Court on October 12, 2004. On December 6, 2004, Plaintiff filed an Amended Complaint.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff allege that Defendant Taxdahl has failed to return to Plaintiff a "notice receipt" for an inmate appeal and also a decision on an appeal. Plaintiff also requests that the Court issue an Order directing the Superior Court of North Kern County to provide Plaintiff with a decision to his Petition for Writ of Habeas Corpus. Plaintiff names the Kern County State Prison as a Defendant as well.

**C. DISCUSSION**

  *1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Persons under Section 1983.

Plaintiff names the Kern County State Prison,  Plaintiff may not sustain an action against a state institution.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the Prison is a state agencies, it is entitled to Eleventh Amendment immunity from suit.

### 3. Inmate Appeals Process

There is no constitutional right to an inmate appeals process.  The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  See also,  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural

right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  A failure to process a grievance does not state a constitutional violation. <u>Buckley</u>, <u>supra</u>.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

      Accordingly, Plaintiff's allegation against Defendant Taxdahl for failing to provide him with a receipt and copy of an appeal decision does not state a cognizable claim for relief.

      ***4. Superior Court***

      Plaintiff is requesting that the Court issue an Order compelling the state court to return to Plaintiff a decision on his Petition for Writ of Habeas Corpus.  It is unclear whether Plaintiff is seeking copies of a decision concerning his case.  In any event, Plaintiff's request is like a request for mandamus and as such, he is not entitled to such relief.

      In <u>Silveyra v. Moschorak</u>, the Ninth Circuit held that the Mandamus Act may be invoked to compel a *federal* official to perform a duty owed to a plaintiff who "falls within the 'zone of interests' protected by the underlying statute." 989 F.2d 1012, 1014 n. 1 (9th Cir. 1993) (*citing* <u>Jarecki v. United States</u>, 590 F.2d 670, 675 (7th Cir. 1979)).  Mandamus is appropriate when the official's duty to act is ministerial in nature and so plain as to be free from doubt.  <u>Id</u>.  Even where an official's responsibilities are in some respects discretionary, mandamus is appropriate if "'statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised . . . have been ignored or violated.'" <u>Carpet, Linoleum and resilient Tile Layers, Local Union No. 419 v. Brown</u>, 656 F.2d 564, 566 (10th Cir. 1981)(citation omitted); <u>see</u>, <u>also</u>, <u>Work v. United States ex rel Rives</u>, 267 U.S. 175, 177, 45 S.Ct. 252, 253 91925)(mandamus is appropriate if an official transgresses the limits of her discretion).

      Here, the State Superior Court is not a federal official.  Thus, this Court is unable to grant Plaintiff the relief he seeks.

///

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983.  Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 27, 2007**                    **/s/ Dennis L. Beck**
3b142a                                                              UNITED STATES MAGISTRATE JUDGE

5